# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| ELIZABETH LUNA BASTIDAS; L. M. C., by and through her mother and natural guardian, Elizabeth Luna Bastidas; M.S.C., by and through his mother and natural guardian, Elizabeth Luna Bastidas; and CARMEN ROSA BASTIDAS,<br><br>      Plaintiffs,<br><br>- against -<br><br>MARSHALL CURTISS JUSTICE; FIRST COAST ELECTRIC, LLC; CHEROKEE FABRICATION, INC.; JAMES R. MAGER; and JAMES AYLESWORTH,<br><br>      Defendants. | Civil Case No. : _____<br><br><br>**PLAINTIFFS' COMPLAINT AND <u>DEMAND FOR JURY TRIAL</u>** |

Plaintiffs, Elizabeth Luna Bastidas ("Elizabeth Bastidas"); L.M.C.; M.S.C.; and Carmen Rosa Bastidas ("Carmen Bastidas"), by and through their undersigned counsel (and, where applicable, by and through their natural guardian as captioned above), as and for their Complaint in this action, hereby allege as follows:

## <u>PRELIMINARY STATEMENT</u>

1.  This is a personal injury case in which Plaintiff Elizabeth Bastidas was involved in an accident, to wit, she was violently struck on the head and body by a fast moving tire that had separated from a moving vehicle, i.e., a trailer being towed by a motor vehicle on a public highway.

2.  Plaintiff Elizabeth Bastidas is a thirty (30) year old woman who, at the time of the accident on March 28, 2010, was lawfully situated on the left shoulder/service lane of a public highway (as further identified below) immediately <u>outside of</u> and adjacent to a motor vehicle, to wit, a red 2003 Lincoln Navigator (SUV)

bearing New York State license number DTC6350 (the "Plaintiffs' Vehicle"), which vehicle itself was situated on said left shoulder/service lane.

3.     Plaintiffs' Vehicle was stopped on said shoulder/service lane because said vehicle, in which Plaintiff Elizabeth Bastidas had been an occupant prior to the accident, had broken down (it had sustained a flat tire).

4.     While innocently waiting for the malfunctioning vehicle to become mobile again, Plaintiff Elizabeth Bastidas was suddenly, and without any warning, struck with great force on the head and body by a fast moving trailer tire which had separated from the trailer on which it had previously been mounted and had continued separately along the highway.

5.     The vehicle-trailer combination which caused this accident was traveling on the same highway as was Plaintiffs' Vehicle but in the opposite direction thereof.

6.     The subject trailer tire, after separating from the trailer to which it had been affixed, bounded and bounced separately along the highway and violently struck Elizabeth Bastidas as it crossed the highway median thereby causing serious and permanent personal injuries to said Plaintiff.

7.     This is a civil action whereby Plaintiff Elizabeth Bastidas now brings claims for relief for, among other things, negligence as against the individual who owned the motor vehicle that was towing the aforesaid trailer and who operated the subject vehicle-trailer combination, as well as negligence/products liability claims

against all Defendants herein including, but not limited to, the seller, purchaser, lessor, designer and/or manufacturer of the defective trailer.

8.     The remaining plaintiffs bring claims for relief because they are all immediate family members of Elizabeth Bastidas who were: (i) present at the scene and time of the subject accident, (ii) within the zone of danger with respect to said accident, (iii) witnesses to the accident, its immediate aftermath and/or Plaintiff Elizabeth Bastidas' injuries, and (iv) injured as a result thereof including, but not limited to, the sustainment of, among other things, mental, emotional and/or psychological distress and injuries.

9.     Plaintiff Carmen Bastidas brings a derivative claim for, among other things, the loss of society of her natural daughter, Plaintiff Elizabeth Bastidas and all the Plaintiffs allege gross negligence warranting of punitive damages.

10.     Plaintiffs did not in any way contribute to the happening of the accident and there is, or should be, no dispute as to the happening of the accident inasmuch as the entire incident was captured on digital media by a video recording device situated on a police vehicle that had responded to the scene of the breakdown of the Plaintiffs' Vehicle, which police vehicle was itself also struck by the tire at issue.

## THE PARTIES
### PLAINTIFFS

11.     Plaintiff Elizabeth Bastidas is an individual residing in the County of Queens, City and State of New York.

12. Plaintiff L.M.C. is a minor, to wit, a nine (9) year old female individual who is the natural daughter and natural ward of Plaintiff Elizabeth Bastidas and is a resident of the County of Queens, City and State of New York.

13. Plaintiff M.S.C. is a minor, to wit, an eight (8) year old male individual who is the natural son and natural ward of Plaintiff Elizabeth Bastidas and is a resident of the County of Queens, City and State of New York.

14. Plaintiff Carmen Bastidas is a fifty-nine (59) year old woman who is the natural mother of Plaintiff Elizabeth Bastidas and is a resident of the County of Queens, City and State of New York.

## DEFENDANTS

15. Upon information and belief, Defendant Marshall Curtiss Justice ("Justice") is a fifty-six (56) year old male individual residing in the City of Jacksonville, County of Duval, State of Florida.

16. At all relevant times, Defendant Justice was, among other things: (i) the owner of the vehicle towing/pulling the trailer from which the trailer tire became separated as aforesaid; (ii) the operator of the vehicle-trailer combination that caused the subject accident; and (iii) the lessee of the trailer from which the aforesaid injury-causing tire became separated.

17. Upon information and belief Defendant First Coast Electric, LLC ("First Coast") was and is a Florida Limited Liability Company with its principal place of business located in the City of Jacksonville, County of Duval and State of Florida.

- 4 -

18.     At all relevant times, Defendant First Coast was the purchaser, owner, and/or lessor of the trailer from which the trailer tire became separated as aforesaid.

19.     Upon information and belief Defendant Cherokee Fabrication, Inc. ("Cherokee") was and is a Florida Profit Corporation with its principal place of business located in the City of Ocala, County of Marion and State of Florida.

20.     At all relevant times, Defendant Cherokee was, among other things, the designer, manufacturer, assembler, fabricator and/or seller of the aforesaid trailer.

21.     Upon  information and belief Defendant James Mager ("Mager") was and is an adult individual residing in the City of Ocala, County of Marion and State of Florida.

22.     Upon information and belief, Defendant Mager was and is an owner and/or principal of co-defendant herein, Cherokee, to wit, its President, and was, among other things, a designer, manufacturer, assembler, fabricator and/or seller of the aforesaid trailer.

23.     Upon information and belief Defendant James Aylesworth, ("Aylesworth") was and is an adult individual residing in the City of Ocala, County of Marion and State of Florida.

24.     Upon information and belief, Defendant Aylesworth was and is an owner and/or principal of co-defendant herein, Cherokee, to wit, its Vice-President, and

was, among other things, a designer, manufacturer, assembler, fabricator and/or seller of the aforesaid trailer.

## JURISDICTION AND VENUE

25.     This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 (a)(1) in that all of the Plaintiffs are citizens of a state of the United States (New York) that is different from the state of which all Defendants are citizens (Florida), and the amount in controversy between these citizens exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

26.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) because the first named defendant, i.e., Defendant Justice, resides in Jacksonville, Florida and all of the remaining defendants also reside in the state of Florida.

## ACCIDENT FACTS

27.     The accident at issue occurred on March 28, 2010 at approximately 5:30 p.m. on a paved, public, principal arterial interstate highway known as and designated as U.S. Interstate 95 ("I-95")(which highway runs generally in two directions, to wit, north and south), in or around the City of Waverly, County of Camden, within the State of Georgia, and more specifically in the far most left lane, to wit, the left shoulder/service lane of the southbound portion of I-95, which lane was and is adjacent to the median separating the northbound and southbound lanes of said highway, and more specifically at or near the following intersection or geographic point(s) on said highway, 95S MM23 X2 [Horsestamp Church Road], Latitude N 31 3.7656, Longitude W 81 37.9530 (hereafter, the "Accident Site"), all as set forth in a "State of Georgia Traffic

Crash Report" issued by the Georgia State Patrol dated March 28, 2010 and bearing case number C000022451.  An official copy of said accident report is annexed hereto and made part hereof as Exhibit "A" and its contents are incorporated herein as if more fully set forth.

28.     Said highway has a posted speed limit of seventy (70) miles per hour.

29.     Prior to the accident at issue, Plaintiff Elizabeth Bastidas had been an occupant in Plaintiffs' Vehicle, which vehicle had been traveling southbound on I-95 approaching the Accident Site.

30.     At some point prior to the accident at issue, Plaintiffs' Vehicle became disabled whereupon said vehicle was stopped on the left shoulder/service lane at the Accident Site and Plaintiffs Elizabeth Bastidas and M.S.C. exited the vehicle.

31.     At some point in time before the accident, at a geographical point south of the Accident Site along I-95 and travelling northbound on I-95 (most likely in the center lane), Defendant Justice was operating a vehicle which he owned, to wit, a 2002 silver Ford pick-up truck bearing Florida license plate N95511 (the "Truck"), which vehicle was pulling, hauling or towing a trailer that Defendant Justice had leased from Defendant First Coast, to wit, a white, 2003 Cherokee (or "Cherokee Fabrication") "Heavy Haul" commercial trailer, which trailer was twelve feet (12') in length with two (2) axles, bearing Florida license plate 499YCF and bearing Vehicle Identification

Number 4RMES14223F002562 (the "Trailer")(when referred to collectively hereafter, the "Truck-Trailer Combination").

32.     At some point in time before the accident (most likely a few seconds or a few moments prior thereto), and south of the accident site along I-95 (most likely less than a mile south thereof), the rear left tire (and/or wheel) of the Trailer separated from the Trailer and continued separately along I-95 in a northerly direction, bouncing and bounding along as it approached the Accident Site and Plaintiff Elizabeth Bastidas.

33.     While situated on the aforesaid shoulder/service lane adjacent to Plaintiffs' Vehicle, Plaintiff Elizabeth Bastidas was violently and directly struck by said tire with great force on the head and body, which collision and impact caused Plaintiff Elizabeth Bastidas to strike the ground with great force and impact, all of which thereby caused serious personal and permanent injuries to said plaintiff including, but not limited to, closed head injuries, brain injuries, fractures of the spine and clavicle as well as psychological injuries.

34.     After striking and injuring Plaintiff Elizabeth Bastidas as aforesaid, said tire continued along its rapid trajectory and missed striking Plaintiff M.S.C. by mere inches then continued along and collided with a police vehicle (as identified below), then continued further along crossing three (3) lanes of highway (i.e., I-95 southbound) and then travelled into a wooded area to the right of the I-95 southbound lanes.

35.     In traveling along the highway and striking Plaintiff Elizabeth Bastidas as aforesaid, and missing Plaintiff M.S.C. as aforesaid, said tire narrowly missed striking the other plaintiffs herein as well.

36.     Approximately sixteen to seventeen (16-17) minutes prior to the aforesaid accident, a Georgia State Patrol police cruiser, to wit, a 2007 Ford Crown Victoria bearing Georgia state license plate GV29310, arrived at the Accident Site and stopped behind Plaintiffs' Vehicle and remained there continuously until the accident occurred.

37.     A video recording device mounted on said police cruiser began continuous video recording of the objects then and there existing, and the events then and there transpiring, in front of said police cruiser including, but not limited to, the aforesaid tire striking one plaintiff and missing another plaintiff as aforesaid, a copy of which video recording is currently in the possession of Plaintiffs' attorneys.

38.     The operator of the cruiser, to wit, Georgia State Patrol Officer Ernest Leon Hamilton, created and prepared a "State of Georgia Traffic Crash Report" bearing the aforesaid case number and the crash number "C000022451-01."

39.     The aforesaid accident occurred in daylight, happened in clear and dry weather and, upon information and belief, involved no other vehicles.

## ADDITIONAL FACTS AND ALLEGATIONS
## <u>COMMON TO ALL CLAIMS FOR RELIEF</u>

40.     The following facts and/or allegations are alleged upon information and belief, are alleged with respect to all other relevant times in addition to the times mentioned and are common to all claims for relief unless otherwise indicated.

41.     At the time of the accident and in the moments prior thereto, Defendant Justice was the sole, exclusive and registered owner of the Truck.

42.     At the time of the accident and in the moments prior thereto, Defendant Justice was the sole and exclusive occupant of the Truck.

43.     At the time of the accident and in the moments prior thereto, Defendant Justice was the sole and exclusive lessee of the Trailer pursuant to a leasing contract/agreement with Defendant First Coast.

44.     At the time of the accident and in the moments prior thereto, Defendant Justice was the sole and exclusive driver and/or operator of the Truck, the Trailer and/or the Truck-Trailer Combination.

45.     At the time of the accident and in the moments prior thereto, Defendant Justice was the sole and exclusive user of the Truck, the Trailer and/or the Truck-Trailer Combination.

46.     At the time of the accident and in the moments prior thereto, Defendant Justice exercised sole and exclusive supervision over the Truck, the Trailer and/or the Truck-Trailer Combination.

47.     At the time of the accident and in the moments prior thereto, Defendant Justice had sole and exclusive control of the Truck, the Trailer and/or the Truck-Trailer Combination.

48.     At the time of the accident and prior thereto, Defendant Justice had sole and exclusive use and possession of the Truck, the Trailer and/or the Truck-Trailer Combination.

49.     At the time of the accident and in the moments prior thereto, Defendant Justice was the sole and exclusive transporter, tower, puller and/or hauler of the Trailer.

50.     At the time of the accident and prior thereto, Defendant Justice was responsible for the maintenance, inspection and/or repair of the Truck, the Trailer and/or the Truck-Trailer Combination and its component parts including, but not limited to, the tires of the Trailer including, but not limited to, the tire that became separated as aforesaid.

51.     At the time of the accident and prior thereto, Defendant Justice was responsible for maintaining the integrity of the Trailer and its tires including, but not limited to, assuring that the Trailer's tires remained attached and affixed to the Trailer, especially while the Trailer was in motion.

52.     At the time of the accident and prior thereto, Defendant Justice was responsible for hitching together or connecting the Truck and the Trailer, and assuring that said vehicles remained connected and intact, as well as responsible for the

maintenance, inspection and/or repair of the connective parts, elements and factors with respect to the Truck-Trailer combination.

53.     At the time of the accident and prior thereto, Defendant First Coast was the sole, exclusive and registered owner of the Trailer.

54.     At the time of the accident and prior thereto, Defendant First Coast was the sole and exclusive lessor of the Trailer.

55.     At the time of the accident and prior thereto, Defendant First Coast was, among other things, a lessor in the business of leasing items for profit or otherwise including, but not limited to, items such as vehicle trailers and including, but not limited to, the specific Trailer at issue in this case.

56.     At the time of the accident and prior thereto, Defendant First Coast had leased the Trailer to Defendant Justice pursuant to a leasing contract/agreement with said defendant.

57.     At the time of the accident and prior thereto, Defendant Justice had the lawful, actual, express and/or implied knowledge, consent and/or permission of Defendant First Coast to lease, use, tow, haul, control, transport and/or operate the Trailer including, but not limited to, operate/tow the Trailer as aforesaid on a public highway/thoroughfare.

58.     At the time of the accident and prior thereto, Defendant Justice was an agent, servant, and/or employee of Defendant First Coast and/or was otherwise engaged in the business of First Coast.

59.    At the time of the accident and prior thereto, Defendant First Coast was the sole and exclusive purchaser of the Trailer.

60.    Prior to the accident, Defendant First Coast had purchased the Trailer from Defendants herein, Cherokee, Mager and/or Aylesworth.

61.    Prior to the accident, Defendants herein, Cherokee, Mager and/or Aylesworth were the sole and exclusive seller(s) of the Trailer and had sold said Trailer to Defendant First Coast and/or manufactured said Trailer on First Coast's behalf.

62.    At all relevant times, Defendants herein, Cherokee, Mager and/or Aylesworth solely and exclusively designed the Trailer.

63.    At all relevant times, Defendants herein, Cherokee, Mager and/or Aylesworth solely and exclusively manufactured, constructed, produced, built, created, crafted, assembled and/or fabricated the Trailer.

64.    All of the within defendants are jointly and severally liable.

65.    Defendants are vicariously liable for the acts, conduct, negligence and/or omissions of their agents, servants and/or employees as set forth herein or as the evidence will disclose.

66.    No limitations on liability as set forth in any relevant common laws or statutory laws are applicable to this action.

67.    In the event of a conflict of laws, New York State law should apply to this action to the extent it benefits the Plaintiffs.

68.     The complained of accident and injuries occurred without any fault, want of care, culpable conduct, voluntary conduct or negligence on the part of the plaintiffs contributing thereto.

69.     Defendants' conduct, as set forth herein, was a substantial factor and/or a proximate cause of the accident and injuries complained of.

70.     The accident at issue and the consequent injuries were foreseeable and/or Plaintiffs were within the zone of risk applicable to each claim for relief.

71.     With respect to the product liability claims for relief, notwithstanding Plaintiffs' lack of direct privity with Defendants, Plaintiffs were nonetheless within the class of persons to be protected by applicable, relevant and/or enacted laws, statutes and/or rules.

72.     With respect to the product liability claims for relief, notwithstanding Plaintiffs' lack of direct privity with Defendants, Plaintiffs were nonetheless within the class of persons who could reasonably be expected to be harmed by the defective product and/or the product's failure.

73.     Notwithstanding the separate claim for relief sounding in res ipsa loquitur, Plaintiffs are entitled to a res ipsa loquitur charge or inference to support all of their other claims for relief.

74.     With respect to all the product liability claims for relief, the defect in the defective product at issue includes, but is not limited to, that defect which prevented the Trailer's tire from remaining affixed to the Trailer.

75.     With respect to the product liability claims for relief, the product at issue malfunctioned during normal operations; thus, if Florida law is found to apply to this action, Plaintiffs are entitled to a legal inference of product defectiveness and/or a "Cassisi charge" as per Cassisi v. Maytag Co., 396 So. 2d 1140, 1145 (Fla. 1st DCA 1981).

### FIRST CLAIM FOR RELIEF

**(Negligent Vehicle Ownership/Operation as Against Defendant Justice)**

76.     Plaintiffs hereby repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

77.     Defendant Justice had a duty to own, use and/or operate the Truck-Trailer combination and/or the Trailer in a safe and reasonable manner and said defendant breached that duty by virtue of his acts, conducts and/or omissions as set forth herein.

78.     The aforesaid accident and injuries were caused wholly and solely by the negligence, carelessness, lack of care, recklessness, departure from standards of care and/or wanton disregard of the safety of others on the part of Defendant Justice, his agents, servants and/or employees, in the ownership of the Truck.

79.     The aforesaid accident and injuries were caused wholly and solely by the negligence, carelessness, lack of care, gross negligence, recklessness, departure from standards of care and/or wanton disregard of the safety of others on the part of Defendant Justice, his agents, servants and/or employees, in the driving, transporting,

operation, use, possession, control, and/or supervision of the Truck-Trailer combination and/or the Trailer and/or in negligently failing to give warning of the known dangers presented by the dangerous and defective Trailer.

80.     The aforesaid accident and injuries were caused wholly and solely by the negligence, carelessness, lack of care, recklessness, departure from standards of care and/or wanton disregard of the safety of others on the part of Defendant Justice, his agents, servants and/or employees, in the leasing of the Trailer as well as the hitching, towing, transporting, hauling and/or pulling thereof.

81.     The aforesaid accident and injuries were caused wholly and solely by the negligence, carelessness, lack of care, gross negligence, recklessness, departure from standards of care and/or wanton disregard of the safety of others on the part of Defendant Justice, his agents, servants and/or employees, in the servicing, maintenance, inspection and/or repair of the Truck-Trailer combination and/or the Trailer including, but not limited to, the Trailer's tires including, but not limited to, the tire which became separated as aforesaid.

82.     The aforesaid accident and injuries were caused wholly and solely by Defendant Justice's heedless disregard of the rights of others and his violation of traffic and other laws, rules and regulations including, but not limited to, the following:

(i) Title 40, Chapter 8, Part 1 of the Georgia State Code (titled, "Driving unsafe or improperly equipped vehicle ..."), O.C.G.A. § 40-8-7(a) et seq.; and, (ii) Title 40, Chapter 8, Part 4 of the Georgia State Code (titled, "Tires"), O.C.G.A. § 40-8-74 and its subsections including subsections (a)-(c) and (e) thereof.

83.     As a result of the foregoing, Plaintiff Elizabeth Bastidas suffered and sustained serious, personal and, upon information and belief, permanent and protracted injuries as well as serious and significant economic loss, and other losses and damages all in excess of any applicable threshold statutes and jurisdictional limits of this Court.

84.     As a result of the foregoing, Plaintiff Elizabeth Bastidas was severely injured and suffered bodily injury, disability, disfigurement, mental anguish, emotional distress, and loss of enjoyment of life; was rendered sick, sore, lame and disabled; endured severe and extensive pain and suffering; required extensive hospital, medical and nursing care and attention and, upon information and belief, will require more of the same in the future; was compelled to expend large sums of money for such care and attention and, upon information and belief, will be so compelled in the future; was confined to her bed and home as a result thereof and, upon information and belief, will be so confined in the future; suffered lost earnings, loss of ability to earn money and other economic damages; was unable to participate in her usual occupations and activities; suffered lost opportunities; and was otherwise damaged.  The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

85.     As a result of the foregoing, Plaintiffs L.M.C., M.S.C. and Carmen Bastidas sustained serious personal injuries including psychological injuries, mental anguish, emotional distress and consequent sequalae including, but not limited to, loss of enjoyment of life; were rendered sick and disabled; required medical care and attention and, upon information and belief, will require more of the same in the future; were

compelled to expend sums of money for medical care and attention and, upon information and belief, will be so compelled in the future; were confined to their bed and home as a result thereof and, upon information and belief, will be so confined in the future; suffered lost earnings and/or other economic damages; were unable to participate in their usual occupations and activities; suffered lost opportunities; and were otherwise damaged.   The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

86. As a result of the foregoing, all of the within Plaintiffs have been injured and damaged, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

## SECOND CLAIM FOR RELIEF

### (Negligent Vehicle Ownership, Leasing, Inspection, Repair, etc. as Against Defendant First Coast)

87. Plaintiffs hereby repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

88. Subsequent to its purchase of the Trailer, and at and prior to the time of the accident, Defendant First Coast was engaged in the business of leasing the Trailer for profit and for use, among other things, in transport on public highways.

89. Defendant First Coast had a non-delegable duty to properly own, lease, service, hitch, connect, maintain, inspect and/or repair said Trailer in a safe and reasonable manner and to ensure that said vehicle was safe and fit for use on a public highway.

90.     Defendant First Coast breached that duty by virtue of its acts, conducts and/or omissions as set forth herein.

91.     Subsequent to its purchase of the Trailer, and continuing through the time of the accident, Defendant First Coast had sole and exclusive ownership, possession, control, supervision and/or access to the Trailer.

92.     As a result, Defendant First Coast was solely and exclusively responsible for the servicing, supervision, hitching, connecting, inspection, maintenance and/or repair of the Trailer.

93.     The aforesaid accident and injuries were caused wholly and solely by the negligence, carelessness, lack of care, recklessness, departure from standards of care and/or wanton disregard of the safety of others on the part of Defendant First Coast, its agents, servants and/or employees, in the ownership, leasing, control, supervision, possession, servicing, maintenance, inspection and/or repair of the Trailer including, but not limited to, the Trailer's tires including, but not limited to, the tire which became separated as aforesaid and/or in negligently failing to give proper warnings of the known dangers presented by the dangerous and defective Trailer.

94.     The aforesaid accident and injuries were caused wholly and solely by the negligence, carelessness, lack of care, recklessness, departure from standards of care and/or wanton disregard of the safety of others on the part of Defendant First Coast, its agents, servants and/or employees, in the connecting or hitching of the Trailer to the Truck.

95.     The aforesaid accident and injuries were caused wholly and solely by Defendant First Coast's heedless disregard of the rights of others and its violation of traffic and other laws, rules and regulations including, but not limited to, the following:

96.     (i) Title 40, Chapter 8, Part 1 of the Georgia State Code (titled, "Driving unsafe or

97.     improperly equipped vehicle ..."), O.C.G.A. § 40-8-7(a) et seq.; and, (ii) Title 40, Chapter 8, Part 4 of the Georgia State Code (titled, "Tires"), O.C.G.A. § 40-8-74 and its subsections including subsections (a)-(c) and (e) thereof.

98.     As a result of the foregoing, Plaintiffs were injured and damaged as aforesaid, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

## THIRD CLAIM FOR RELIEF

**(Strict Product Liability--Design Defect--as Against
Defendants Cherokee, Mager, Aylesworth and/or First Coast)**

99.     Plaintiffs hereby repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

100.    Defendants, Cherokee, Mager, Aylesworth and/or First Coast, their agents, servants or employees, participated in the sale, marketing, distribution, deliverance, and/or maintenance of a product, to wit, the aforesaid Trailer and its tires, including the tire which separated as aforesaid, which product said defendants, among other things, placed in the channels of intrastate and/or interstate trade, placed in the stream of intrastate and/or interstate commerce, and/or placed into the stream of

intrastate and/or interstate vehicular traffic, in Florida, Georgia, points in between and elsewhere.

101.    Said defendants, their agents, servants or employees, sold, distributed and/or maintained an inherently defective product because the product's design was defective and unsafe.

102.    The aforesaid design defect rendered the product inherently unsafe for its intended use and unreasonably dangerous.

103.    Said defendants thus breached a duty to market safe products.

104.    The utility of the aforesaid defectively designed product did not outweigh its risk.

105.    The aforesaid design defect created a substantial likelihood of harm.

106.    The design defect was a substantial factor in causing the accident and injuries complained of.

107.    The aforesaid product as designed remained unchanged and was in the same condition at the time of design and/or manufacture as it was at the time of the subject accident and injury.

108.    As a direct and proximate cause of the foregoing, Plaintiffs have been injured and damaged as more fully set forth above, and Plaintiffs are thereby

entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

## FOURTH CLAIM FOR RELIEF

**(Strict Product Liability—Manufacturing/Assembly Defect--as Against Defendants Cherokee, Mager, Aylesworth and/or First Coast)**

109.    Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs "1" to "96" above as if fully set forth herein.

110.    Defendants, Cherokee, Mager, Aylesworth and/or First Coast, their agents, servants or employees, participated in the sale, marketing, distribution, deliverance, and/or maintenance of a product, to wit, the aforesaid Trailer and its tires, including the tire which separated as aforesaid, which product said defendants, among other things, placed in the channels of intrastate and/or interstate trade, placed in the stream of intrastate and/or interstate commerce, and/or placed into the stream of intrastate and/or interstate vehicular traffic, in Florida, Georgia, points in between and elsewhere.

111.    Said defendants, their agents, servants or employees, sold, distributed, marketed and/or maintained an inherently defective product because there was a defect in the manufacturing, assembly and/or fabrication process with respect to the product and said product was thus defective and unsafe.

112.    The aforesaid manufacturing/assembly/fabrication defect rendered the product inherently unsafe for its intended use and unreasonably dangerous.

113.    Said defendants thus breached a duty to market safe products.

- 22 -

114.   The utility of the aforesaid defectively manufactured, assembled and/or fabricated product did not outweigh its risk.

115.   The aforesaid manufacturing/assembly/fabrication defect created a substantial likelihood of harm.

116.   The aforesaid manufacturing/assembly/fabrication defect was a substantial factor in causing the accident and injuries complained of.

117.   The aforesaid product, as manufactured, assembled and/or fabricated, remained unchanged and was in the same condition at the time manufacture/assembly/fabrication as it was at the time of the subject accident and injury.

118.   As a direct and proximate cause of the foregoing, Plaintiffs have been injured and damaged as more fully set forth herein, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

**FIFTH CLAIM FOR RELIEF**

**(Strict Product Liability—Failure To Warn--As Against
Defendants Cherokee, Mager, Aylesworth and/or First Coast)**

119.   Plaintiffs hereby repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

120.   Defendants, Cherokee, Mager, Aylesworth and/or First Coast, their agents, servants or employees, participated in the sale, marketing, distribution, deliverance, and/or maintenance of a product, to wit, the aforesaid Trailer and its tires,

including the tire which separated as aforesaid, which product said defendants, among other things, placed in the channels of intrastate and/or interstate trade, placed in the stream of intrastate and/or interstate commerce, and/or placed into the stream of intrastate and/or interstate vehicular traffic, in Florida, Georgia, points in between and elsewhere.

121.    Said defendants, their agents, servants or employees, sold, distributed, marketed and/or maintained an inherently defective product and/or a product with latent dangers for the reasons set forth above.

122.    Said defendants, their agents, servants and/or employees, had a duty to warn against latent dangers from foreseeable uses of the product of which defendants knew or should have known.

123.    Said defendants, their agents, servants and/or employees knew, or should have shown, of the aforesaid latent dangers.

124.    Said defendants, their agents, servants and/or employees breached their duty when they failed to give proper and timely warnings of the aforesaid dangers under the circumstances then and there prevailing.

125.    Said defendants thus breached a duty to market safe products.

126.    The aforesaid failure to warn created a substantial likelihood of harm.

127.    The aforesaid failure to warn was a substantial factor in causing the accident and injuries complained of.

128.    As a direct and proximate cause of the foregoing, Plaintiffs have been injured and damaged as more fully set forth herein, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

**SIXTH CLAIM FOR RELIEF**

**(Product Liability—Negligent Design—as Against Defendants Cherokee, Mager, Aylesworth and/or First Coast)**

129.    Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs "1" through "96" above as if fully set forth herein.

130.    Defendants, Cherokee, Mager, Aylesworth and/or First Coast, their agents, servants or employees, participated in the sale, marketing, distribution, deliverance, and/or maintenance of a product, to wit, the aforesaid Trailer and its tires, including the tire which separated as aforesaid, which product said defendants, among other things, placed in the channels of intrastate and/or interstate trade, placed in the stream of intrastate and/or interstate commerce, and/or placed into the stream of intrastate and/or interstate vehicular traffic, in Florida, Georgia, points in between and elsewhere.

131.    Defendants, their agents, servants or employees, owed a duty that the aforesaid product was safe and designed and maintained in such a way that made the product safe for its intended purpose.

- 25 -

132.   Defendants Cherokee, Mager, Aylesworth and/or First Coast, their agents, servants or employees, negligently designed and maintained the aforesaid defective product.

133.   The aforesaid negligence created a substantial likelihood of harm.

134.   The aforesaid negligence was a substantial factor in causing the accident and injuries complained of.

135.   As a direct and proximate cause of the foregoing, Plaintiffs have been injured and damaged as more fully set forth herein, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

### SEVENTH CLAIM FOR RELIEF

**(Product Liability—Negligent Manufacture, Assembly and/or Fabrication —As Against Defendants Cherokee, Mager, Aylesworth and/or First Coast)**

136.   Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs "1" through "96" above as if fully set forth herein.

137.   Defendants, Cherokee, Mager, Aylesworth and/or First Coast, their agents, servants or employees, participated in the sale, marketing, distribution, deliverance, and/or maintenance of a product, to wit, the aforesaid Trailer and its tires, including the tire which separated as aforesaid, which product said defendants, among other things, placed in the channels of intrastate and/or interstate trade, placed in the stream of intrastate and/or interstate commerce, and/or placed into the stream of

intrastate and/or interstate vehicular traffic, in Florida, Georgia, points in between and elsewhere.

138.    Defendants, their agents, servants or employees, owed a duty that the aforesaid product was safe and manufactured, assembled and/or fabricated in such a way that made the product safe for its intended purpose.

139.    Defendants Cherokee, Mager, Aylesworth and/or First Coast, their agents, servants or employees, negligently manufactured, maintained, assembled and/or fabricated the aforesaid defective product.

140.    The aforesaid negligence created a substantial likelihood of harm.

141.    The aforesaid negligence was a substantial factor in causing the accident and injuries complained of.

142.    As a direct and proximate cause of the foregoing, Plaintiffs have been injured and damaged as more fully set forth herein, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

## EIGHTH CLAIM FOR RELIEF

**(Product Liability--Breach Of Implied Warranty--as Against Defendants Cherokee, Mager, Aylesworth and/or First Coast)**

143.    Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs "1" through "96" above as if fully set forth herein.

144.     Defendants, Cherokee, Mager, Aylesworth and/or First Coast, their agents, servants or employees, participated in the sale, marketing, distribution, deliverance, and/or maintenance of a product, to wit, the aforesaid Trailer and its tires, including the tire which separated as aforesaid, which product said defendants, among other things, placed in the channels of intrastate and/or interstate trade, placed in the stream of intrastate and/or interstate commerce, and/or placed into the stream of intrastate and/or interstate vehicular traffic, in Florida, Georgia, points in between and elsewhere.

145.     Defendants, Cherokee, Mager, Aylesworth and/or First Coast, their agents, servants or employees, owed a duty and warranted that the aforesaid product was merchantable, was minimally safe and was fit for the ordinary purpose(s) for which such product was used.

146.     Defendants, Cherokee, Mager, Aylesworth and/or First Coast, their agents, servants or employees, breached the aforesaid duty and breached said warranty because the aforesaid product was not minimally safe and was not fit for the ordinary purpose(s) for which such product was used.

147.     At the time of the within accident, the product was being used for its usual and ordinary purpose.

148.     At the time of the accident, it was reasonable to expect and reasonably foreseeable that Plaintiffs would be affected by the product.

149.    As a result there arose an implied warranty for the benefit of the Plaintiffs.

150.    The aforesaid breach of duty and breach of warranty/implied warranty created a substantial likelihood of harm.

151.    The aforesaid breach of duty and breach of warranty/implied warranty was a substantial factor in the accident and injury herein complained of.

152.    As a direct and proximate cause of the foregoing, Plaintiffs have been injured and damaged as more fully set forth herein, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

## NINTH CLAIM FOR RELIEF

**(Multiple Product Liability Claims as Against Defendant Justice)**

153.    Plaintiffs hereby repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

154.    Defendant Justice participated in the sale, marketing, distribution, deliverance, and/or maintenance of a product, to wit, the aforesaid Trailer and its tires, including the tire which separated as aforesaid, which product said defendant, among other things, placed in the channels of intrastate and/or interstate trade, placed in the stream of intrastate and/or interstate commerce, and/or placed into the stream of intrastate and/or interstate vehicular traffic, in Florida, Georgia, points in between and

elsewhere, to the same extent as did defendants Cherokee, Mager, Aylesworth and/or First Coast as set forth above.

155.   Defendant Justice is thus liable to plaintiffs under the Third, Fourth, Fifth, Sixth, Seventh, and Eighth claims for relief herein to the same extent that Defendants Cherokee, Mager, Aylesworth and/or First Coast, their agents, servants or employees, are so liable.

156.   As a direct and proximate cause of the foregoing, Plaintiffs have been injured and damaged as more fully set forth herein, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

## TENTH CLAIM FOR RELIEF

**(Res Ipsa Loquitur as Against All Defendants)**

157.   Plaintiffs hereby repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

158.   The instrumentalities at issue, to wit, the Trailer and its tires, including the tire that separated as aforesaid, were in the exclusive control of the defendants, their agents, servants and/or employees.

159.   The accident which occurred is of the kind that ordinarily does not occur in the absence of negligence.

160.   The aforesaid accident and consequent injuries sustained by plaintiffs herein were caused wholly and solely by the negligence, carelessness and/or

recklessness of the defendants, their agents, servants and employees, in the exclusive control of the aforesaid instrumentalities without any fault, want of care or voluntary or culpable conduct on the part of the plaintiffs contributing thereto.

161.    As a direct and proximate cause of the foregoing, Plaintiffs have been injured and damaged as more fully set forth herein, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

## ELEVENTH CLAIM FOR RELIEF

**(Zone Of Danger Claims On Behalf Of Plaintiffs L.M.C., M.S.C. and Carmen Bastidas as Against All Defendants)**

162.    Plaintiffs L.M.C., M.S.C. and Carmen Bastidas hereby repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

163.    At the aforesaid time and place of the accident, Plaintiffs L.M.C., M.S.C. and Carmen Bastidas were situated in the zone of danger created by the aforesaid negligence, acts, and/or omissions as well as the circumstances of the accident.

164.    At the aforesaid time and place of the accident, Plaintiffs L.M.C., M.S.C. and Carmen Bastidas were, and still are, immediate family members of Plaintiff Elizabeth Bastidas.

165.    By their acts and omissions as aforesaid, all the Defendants, their agents, servants and/or employees, negligently, carelessly and/or recklessly exposed

Plaintiffs L.M.C., M.S.C. and Carmen Bastidas to an unreasonable risk of bodily injury or death.

166.   By reason of the foregoing, Plaintiffs L.M.C., M.S.C. and Carmen Bastidas feared for their own physical safety.

167.   The peril or harm which befell Plaintiff Elizabeth Bastidas as aforesaid occurred in the direct and proximate presence of Plaintiffs L.M.C., M.S.C. and Carmen Bastidas.

168.   At the time of the accident and Plaintiff's Elizabeth Bastidas' serious injury, Plaintiffs L.M.C., M.S.C. and Carmen Bastidas timely or contemporaneously observed said accident and injury.

169.   At the time of the accident and Plaintiff's Elizabeth Bastidas' serious injury, Plaintiffs L.M.C., M.S.C. and Carmen Bastidas had a timely or contemporaneous awareness of said accident and injury.

170.   As a result of observing their immediate family member involved in an accident and seriously injured as aforesaid, or being aware thereof, and while situated in the zone of danger themselves, Plaintiffs L.M.C., M.S.C. and Carmen Bastidas sustained serious, personal injuries including, but not limited to, psychological injuries, emotional distress, and/or mental anguish and/or trauma.

171.   As a direct and proximate cause of the foregoing, Plaintiffs L.M.C., M.S.C. and Carmen Bastidas have been injured and damaged as more fully set

forth herein, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

## TWELFTH CLAIM FOR RELIEF

**(Negligent Infliction of Emotional Distress as Against All Defendants)**

172.    Plaintiffs hereby repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

173.    For the reasons set forth above Defendants, their agents, servants and/or employees, owed a duty to Plaintiffs and breached said duty.

174.    Defendants' conduct as aforesaid was so extreme in degree and outrageous in character as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community; and/or their negligence was so gross as to reasonably imply malice; and/or their conduct evinced an entire want of care or attention to duty; and/or their conduct evinced a great indifference to the persons, property, or rights of others.

175.    Defendants' conduct unreasonably and directly endangered the Plaintiffs' physical safety.

176.    Defendants' conduct unreasonably and directly caused the Plaintiffs to fear for their own physical safety.

177.    As a result of the foregoing, Plaintiffs sustained serious, personal injuries including, but not limited to, psychological injuries, emotional distress, and/or mental anguish and/or trauma.

178.    As a direct and proximate cause of the foregoing, Plaintiffs have been injured and damaged as more fully set forth herein, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

## THIRTEENTH CLAIM FOR RELIEF

**(Breach of Contract of an Inherently Dangerous Nature as Between Defendant First Coast and Defendants Cherokee, Mayer and/or Aylesworth)**

179.    Plaintiffs hereby repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

180.    Defendant First Coast contracted with Defendants Cherokee, Mayer and Aylesworth to purchase the Trailer from the latter Defendants.

181.    Among other things, Defendants Cherokee, Mayer and Aylesworth had a contractual duty to Defendant First Coast to sell and deliver a Trailer that was reasonably safe for its intended use.

182.    Among other things, Defendants Cherokee, Mayer and Aylesworth had a contractual duty to Defendant First Coast to maintain, service, inspect and/or repair the Trailer.

183.    Among other things, Defendants Cherokee, Mayer and Aylesworth were independent contractors working under a contract with Defendant First Coast.

184.    For the reasons previously set forth herein, Defendants Cherokee, Mayer and/or Aylesworth breached their contract with First Coast.

- 34 -

185.    Although not a party to said contract, Plaintiffs were nonetheless injured as a result of said breach of contract.

186.    The nature and subject matter of the aforesaid contract, and/or the work of the independent contractors, was inherently dangerous and/or involved inherently dangerous work, to wit, maintaining, servicing, inspecting, repairing and/or providing vehicles to be used for travel and transport on public highways at speeds up to 70 miles per hour.

187.    As a direct and proximate cause of the foregoing, Plaintiffs have been injured and damaged as more fully set forth herein, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

## FOURTEENTH CLAIM FOR RELIEF

**(Breach of Contract of an Inherently Dangerous Nature as Between Defendants First Coast and Defendant Justice)**

188.    Plaintiffs hereby repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

189.    Defendant First Coast contracted with Defendant Justice to lease the trailer to Justice for a specified period of time and/or miles.

190.    Among other things, Defendant First Coast had a contractual duty to lease and deliver to Justice a Trailer that was reasonably safe for its intended use.

191.    Among other things, Defendant First Coast had a contractual duty to Defendant Justice to maintain, hitch, connect, service, inspect and/or repair the Trailer.

192.    Among other things, Defendant First Coast was an independent contractor working under a contract with Defendant Justice.

193.    For the reasons previously set forth herein, Defendant First Coast breached its contract with Defendant Justice.

194.    Although not a party to said contract, Plaintiffs were nonetheless injured as a result of said breach.

195.    The nature and subject matter of the aforesaid contract was inherently dangerous and/or involved inherently dangerous work or subject matter, to wit, maintaining, servicing, inspecting, repairing and/or providing vehicles to be used for travel and transport on public highways at speeds up to 70 miles per hour.

196.    As a direct and proximate cause of the foregoing, Plaintiffs have been injured and damaged as more fully set forth herein, and Plaintiffs are thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

### FIFTEENTH CLAIM FOR RELIEF

**(Gross Negligence Requiring Punitive
Damages as Against All Defendants)**

197.    Plaintiffs hereby repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

198.    The actions, failures and/or omissions of the Defendants, their agents, servants and/or employees, as set forth herein, rises to the level of gross and/or extreme carelessness, recklessness and/or negligence and is wanton and is a complete and utter disregard for the safety and lives of other persons including, but not limited to, persons using a public highway.

199.    By reason of the foregoing, Defendants should be held to answer, in addition to any other damages awarded herein, in punitive damages in an amount that exceeds the jurisdictional limit of this Court and Plaintiffs hereby make claim for the same.

## SIXTEENTH CLAIM FOR RELIEF

**(Derivative Loss of Society Claim on Behalf of Plaintiff
Carmen Bastidas as Against All Defendants)**

200.    Plaintiff Carmen Bastidas hereby repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

201.    Plaintiff Carmen Bastidas is the natural mother of Plaintiff Elizabeth Bastidas.

202.    By reason of the aforesaid injuries and consequent injuries sustained, Plaintiff Carmen Bastidas has been, and will continue to be, compelled to expend time, money and efforts and provide services for the care and treatment of her natural daughter.

203.    By reason of the aforesaid injuries and consequent injuries sustained, Plaintiff Carmen Bastidas has been, and will continue to be, deprived of the services, society and companionship of her natural daughter.

204.    By reason of the foregoing, Plaintiff Carmen Bastidas has suffered and will continue to suffer lost earnings, lost income, and/or lost social, business and other opportunities.

205.    As a direct and proximate cause of the foregoing, Plaintiff Carmen Bastidas has been injured and damaged as more fully set forth herein, and Plaintiff is thereby entitled to a damages award in an amount that exceeds the jurisdictional limits of this Court.

**WHEREFORE**, Plaintiffs are entitled to an entry of judgment against the Defendants as follows:

1.    On behalf of Plaintiff Elizabeth Bastidas with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, and Fourteenth Claim for Relief as follows:

(a)    awarding compensatory damages in an amount to be determined at trial, but believed to be not less than Thirty Million Dollars ($30,000,000) for, among other things, serious personal injuries, and pain and suffering, as aforesaid with appropriate pre- and post-judgment interest;

(b )    awarding special damages in an amount to be determined at trial, but believed to be not less than Five Million Dollars $5,000,000

for, among other things, lost earnings as well as lost business and other opportunities, with appropriate pre- and post-judgment interest;

(c)     awarding reasonable attorney's fees and costs;

(d)     awarding out of pocket expenses and incidental financial losses incurred by said Plaintiff as a result of the complained of occurrence; and,

(e)     awarding such other and further relief as the Court deems just and proper;

2.     On behalf of Plaintiffs L.M.C., M.S.C. and Carmen Bastidas with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Claim for Relief as follows:

(a)     awarding compensatory damages in an amount to be determined at trial, but believed to be not less than $2,000,000 for each such Plaintiff for, among other things, serious personal injuries as aforesaid including but not limited to, injuries of a psychological nature including, but not limited to, severe emotional distress, with appropriate pre- and post-judgment interest;

(b)     awarding reasonable attorney's fees and costs;

(c)    awarding out of pocket expenses and incidental financial losses incurred by said Plaintiffs as a result of the complained of occurrence; and,

(d)    awarding such other and further relief as the Court deems just and proper.

3.    On behalf of Plaintiff Carmen Bastidas with respect to the Sixteenth Claim for Relief as follows:

(a)    awarding compensatory damages in an amount to be determined at trial, but believed to be not less than $2,000,000 with appropriate pre- and post-judgment interest;

(b)    awarding reasonable attorney's fees and costs;

(c)    awarding out of pocket expenses and incidental financial losses incurred by said Plaintiff as a result of the complained of occurrence; and,

(d)    awarding such other and further relief as the Court deems just and proper.

4.    On behalf of all Plaintiffs with respect to the Fifteenth Claim for Relief as follows:

(a)    awarding punitive damages in an amount to be determined at trial, but believed to be not less than ten (5) to (20) times the amount of Plaintiff's compensatory damages and, in any event, not less than

One Hundred and Fifty Million ($150,000,000) with appropriate pre- and post-judgment interest;

(b)    awarding reasonable attorney's fees and costs;

(c)    awarding out of pocket expenses and incidental financial losses incurred by said Plaintiffs as a result of the complained of occurrence; and,

(d)    awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues of fact and damages stated herein.

Dated: Oldsmar, Florida
       March 22, 2012

JEFFREY MARK SHERMAN, ESQ.
Florida State Bar Identification Number: 994200
*Florida Trial Counsel for Plaintiffs*
LAW OFFICE OF JEFFREY M. SHERMAN
Office and P.O. Address
3874 Tampa Road
Oldsmar, FL 34677
Telephone Number: (813) 855-0700
Facsimile Phone Number: (813) 925-3585
E-mail address: shrmlw@cs.com

\* \* \*

- 41 -

BAILEY & SHERMAN, P.C.
EDWARD G. BAILEY, ESQ.
New York State Bar Identification No.: 1965276
ANTHONY V. GENTILE, ESQ.
Of Counsel to Bailey & Sherman, P.C.
New York State Bar Identification No.: 2967263
Office and P.O. Address
42-21 Douglaston Parkway
Douglaston, New York 11363
Telephone Number: (718) 631-2500
Facsimile Phone Number: (718) 631-2400
E-mail address: baileylaw@nyc.rr.com

*Plaintiffs' New York Counsel*
(Both intended to be admitted Pro Hoc Vice)

**EXHIBIT A**



# STATE OF GEORGIA TRAFFIC CRASH REPORT

Georgia State Patrol
Georgia Department of Public Safety
P.O. Box 1456
Atlanta, Georgia 30371-1456

| Crash Number | Reporting Agency | Reporting Agency Case Number | Reporting Agency CAD Number |
|---|---|---|---|
| C000022451-01 | GEORGIA STATE PATROL | C000022451 | GSPI10CAD012850 |

## CRASH IDENTIFIERS

| County of Crash | City or Place of Crash | ☐ City Limits | Crash Date/Time | Reported Date/Time | Dispatched Date/Time |
|---|---|---|---|---|---|
| CAMDEN | | | 03/28/2010 05:30 PM | 03/28/2010 05:31 PM | 03/28/2010 05:31 PM |

| On Scene Date/Time | Cleared Scene Date/Time | Complete Date/Time | Reason (if Investigation Not Complete) | Source of Information |
|---|---|---|---|---|
| 03/28/2010 05:31 PM | 03/28/2010 06:39 PM | 03/28/2010 06:45 PM | | LAW ENFORCEMENT AGENCY |

## ROADWAY INFORMATION

| Roadway Description for Location of Occurrence | | Distance to City or Place of Crash | Latitude | Longitude |
|---|---|---|---|---|
| 95S MM23 X2[HORSESTAMP CHURCH RD] | | | N 31 3.7656 | W 81 37.9530 |

| Intersecting Roadway Description for Location of Occurrence | Distance / Direction from Crash Location | Roadway Blocked | Roadway Cleared Date/Time |
|---|---|---|---|
| | | ☐ | |

| Part of National Highway System | Roadway Functional Class Type | Roadway Functional Class Detail |
|---|---|---|
| YES | URBAN | PRINCIPAL ARTERIAL-INTERSTATE |

| Type of Shoulder | Roadway Lighting | Roadway Bikeway Facility | Signed Bicycle Route |
|---|---|---|---|
| PAVED | SPOT ILLUMINATION BOTH SIDES | NONE | NOT APPLICABLE |

| Traffic Control Type at Intersection | Mainline Number of Lanes at Intersection | Side Road Number of Lanes at Intersection |
|---|---|---|
| | | |

## CRASH INFORMATION

| Light Condition | Weather Condition | Roadway Surface Condition | |
|---|---|---|---|
| DAYLIGHT | CLEAR | DRY | ☑ Crash Pictures Taken |

| First Harmful Event Type | First Harmful Event Detail |
|---|---|
| COLLISION NON-FIXED OBJECT | OTHER NON-FIXED OBJECT |

| Total Counts | Vehicles | CMV | Motorists | Non-Motorists | Injured | Fatalities | Witnesses | Other Persons | Businesses | Violations |
|---|---|---|---|---|---|---|---|---|---|---|
| | 3 | 0 | 4 | 3 | 1 | 0 | 0 | 0 | 0 | 0 |

| First Harmful Event's Relation to Junction | Is First Harmful Event within Interchange Area | Type of Intersection |
|---|---|---|
| NON-JUNCTION | NO | NOT AT INTERSECTION |

| Contributing Circumstances: Environment | Contributing Circumstances: Environment | Contributing Circumstances: Environment |
|---|---|---|
| NONE | NONE | NONE |

| Contributing Circumstances: Road | Contributing Circumstances: Road | Contributing Circumstances: Road |
|---|---|---|
| NONE | NONE | NONE |

| School Bus Related | Work Zone Related | Crash Location in Work Zone |
|---|---|---|
| NO | NO | |

## VEHICLE V01

| ▶ V01 | Motor Vehicle Type | | State | License Number | Registration Expires | ☐ Permanent Registration | VIN |
|---|---|---|---|---|---|---|---|
| | MOTOR VEHICLE IN TRANSPORT | | FL | N955II | | | 1FTNW21F52EC39830 |

| Year | Make | Model | Style | Color | Body Type Category |
|---|---|---|---|---|---|
| 2002 | FORD | F250 | | SIL | PICKUP |

| Special Function of Motor Vehicle in Transport | Emergency Motor Vehicle Use | Type of Bus Use |
|---|---|---|
| NO SPECIAL FUNCTION | NO | NOT A BUS |

| Owner First Name | Owner Middle Name | Owner Last Name | Owner Suffix | Owner Business (not Person) |
|---|---|---|---|---|
| MARSHALL | CURTISS | JUSTICE | | NOT A PERSON |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 1129 ASHMORE DR | | JACKSONVILLE | FL | 32259 |

| Owner Phone Number | Owner Phone Number (other) | Insurance Company | Insurance Policy Number |
|---|---|---|---|
| 904-287-8124 | | STATE FARM | 8954016-A04-59 |

| Vehicle Removal | Vehicle Towed By | Wrecker Selection Method |
|---|---|---|
| DRIVEN - NOT DISABLED | | |

| Trailer | State | License Number | Registration Expires | ☐ Permanent Registration | VIN | Year | Make | Model | Color | Length | Axles |
|---|---|---|---|---|---|---|---|---|---|---|---|
| One | FL | 499YCF | | | | | CHEK | | WHI | 12 | 2 |

| Direction of Travel Before Crash | Speed: | Estimated | Posted | Roadway Type | Total Lanes | Roadway Horizontal Alignment | Roadway Grade |
|---|---|---|---|---|---|---|---|
| NORTHBOUND | | | 70 | DIVIDED HIGHWAY | 3 | STRAIGHT | LEVEL |

| Trafficway Description | Traffic Control Device Type | Working Properly |
|---|---|---|
| TWO-WAY DIVIDED POSITIVE MEDIAN BARRIER | NO CONTROLS | |

| Roadway Description for Vehicle Travel |
|---|
| 95S MM23 X2[HORSESTAMP CHURCH RD] |

| Vehicle Maneuver Action (by this vehicle) | Hit & Run (by this vehicle) | Damage Extent (for this vehicle) |
|---|---|---|
| MOVEMENTS ESSENTIALLY STRAIGHT AHEAD | YES DRIVER OR CAR AND DRIVER LEFT SCENE | NO DAMAGE |

| 1st Sequence of Events Type (this vehicle) | 1st Sequence of Events Detail (this vehicle) |
|---|---|
| NON-COLLISION | OTHER NON-COLLISION |

| 2nd Sequence of Events Type (this vehicle) | 2nd Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| 3rd Sequence of Events Type (this vehicle) | 3rd Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| 4th Sequence of Events Type (this vehicle) | 4th Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| Most Harmful Event Type (this vehicle) | Most Harmful Event Detail (this vehicle) |
|---|---|
| NON-COLLISION | OTHER NON-COLLISION |

| Contributing Circumstances 1 (this vehicle) | Contributing Circumstances 2 (this vehicle) |
|---|---|
| WHEELS | NONE |

**Area of Initial Impact**
- ☑ Non Collision
- ☐ Top
- ☐ Undercarriage
- ☐ Unknown

**Most Damaged Area**
- ☐ Non Collision
- ☐ Top
- ☐ Undercarriage
- ☐ Unknown

| Occupant Type | Person Name (First Middle Last Suffix) | Injury Status |
|---|---|---|
| DRIVER | MARSHALL CURTISS JUSTICE | NO INJURY(O) |

## VEHICLE V02

| ▶ V02 | Motor Vehicle Type | | State | License Number | Registration Expires | ☐ Permanent Registration | VIN |
|---|---|---|---|---|---|---|---|
| | MOTOR VEHICLE IN TRANSPORT | | NY | DTC8350 | | | 5LMFU28R63LJ19793 |

| Year | Make | Model | Style | Color | Body Type Category |
|---|---|---|---|---|---|
| 2003 | LINCOLN | NAVIGATOR | | RED | (SPORT) UTILITY VEHICLE |

| Crash Number | Reporting Agency | | Reporting Agency Case Number | Reporting Agency CAD Number |
|---|---|---|---|---|
| C000022456 | GEORGIA STATE PATROL | | 000022451 | GSP100A00/2865 |

| Special Function of Motor Vehicle in Transport | Emergency Motor Vehicle Use | Type of Bus Use |
|---|---|---|
| NO SPECIAL FUNCTION | NO | NOT A BUS |

| Owner First Name | Owner Middle Name | Owner Last Name | Owner Suffix | Owner Business (if not Person) |
|---|---|---|---|---|
| | | | | CABRERA FLOORING LLC |

| Address | | Address Other | City | | State | Zip Code |
|---|---|---|---|---|---|---|
| 18 VILLAGE DR | | | MEDFORD | | NY | 11763 |

| Owner Phone Number | Owner Phone Number (other) | Insurance Company | Insurance Policy Number |
|---|---|---|---|
| | | ALL STATE | 000000048951509 |

| Vehicle Removal | Vehicle Towed By | Wrecker Selection Method |
|---|---|---|
| DRIVEN - NOT DISABLED | | |

| Direction of Travel Before Crash | Estimated Speed: | Posted Speed: | Roadway Type | Total Lanes | Roadway Horizontal Alignment | Roadway Grade |
|---|---|---|---|---|---|---|
| SOUTHBOUND | | 70 | DIVIDED HIGHWAY | 3 | STRAIGHT | LEVEL |

| Trafficway Description | Traffic Control Device Type | Working Property |
|---|---|---|
| TWO-WAY DIVIDED POSITIVE MEDIAN BARRIER | NO CONTROLS | |

| Roadway Description for Vehicle Travel |
|---|
| 95S MM23 X2(HORSESTAMP CHURCH RD) |

| Vehicle Maneuver Action (by this vehicle) | Hit & Run (by this vehicle) | Damage Extent (for this vehicle) |
|---|---|---|
| UNKNOWN | NO DID NOT LEAVE SCENE | NO DAMAGE |

| 2nd Sequence of Events Type (this vehicle) | 2nd Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| 3rd Sequence of Events Type (this vehicle) | 3rd Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| 4th Sequence of Events Type (this vehicle) | 4th Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| Most Harmful Event Type (this vehicle) | Most Harmful Event Detail (this vehicle) |
|---|---|
| NON-COLLISION | |

| Contributing Circumstances 1 (this vehicle) | Contributing Circumstances 2 (this vehicle) |
|---|---|
| NONE | NONE |

Area of Initial Impact
- [x] Non Collision
- [ ] Top
- [ ] Undercarriage
- [ ] Unknown

Most Damaged Area
- [ ] Non Collision
- [ ] Top
- [ ] Undercarriage
- [ ] Unknown

| Occupant Type | Person Name (First Middle Last Suffix) | Injury Status |
|---|---|---|
| NON-MOTORIST | ELIZABETH BASTIDAS | NON FATAL INJURY |
| NON-MOTORIST | CARMEN ROSA BASTIDAS | NO INJURY(O) |
| NON-MOTORIST | CARLOS ARNULFO ALVARADO | NO INJURY(O) |
| PASSENGER | MICHAEL STEWART CABRERA | NO INJURY(O) |
| PASSENGER | LESLIE MELISSA CABRERA | NO INJURY(O) |

## VEHICLE V03

| ▶ V03 | Motor Vehicle Type | | State | License Number | Registration Expires | Permanent Registration | VIN |
|---|---|---|---|---|---|---|---|
| | MOTOR VEHICLE IN TRANSPORT | | GA | GV29310 | | [ ] | 2FAFP71W77X138581 |

| Year | Make | Model | Style | Color | Body Type Category |
|---|---|---|---|---|---|
| 2007 | FORD | CROWN VICTORIA | 4S | BLK | PASSENGER CAR |

| Special Function of Motor Vehicle in Transport | Emergency Motor Vehicle Use | Type of Bus Use |
|---|---|---|
| NO SPECIAL FUNCTION | NO | NOT A BUS |

| Owner First Name | Owner Middle Name | Owner Last Name | Owner Suffix | Owner Business (if not Person) |
|---|---|---|---|---|
| | | | | CAMDEN COUNTY BOARD OF COMMISI |

| Address | | Address Other | City | | State | Zip Code |
|---|---|---|---|---|---|---|
| 200 E. 4TH ST P.O. BOX99 | | | WOODBINE | | GA | 31569 |

| Owner Phone Number | Owner Phone Number (other) | Insurance Company | Insurance Policy Number |
|---|---|---|---|
| 912-510-5100 | | TRAVELERS | GP09313791 |

| Vehicle Removal | Vehicle Towed By | Wrecker Selection Method |
|---|---|---|
| DRIVEN - NOT DISABLED | | |

| Direction of Travel Before Crash | Estimated Speed: | Posted Speed: | Roadway Type | Total Lanes | Roadway Horizontal Alignment | Roadway Grade |
|---|---|---|---|---|---|---|
| SOUTHBOUND | | 70 | DIVIDED HIGHWAY | 3 | STRAIGHT | LEVEL |

| Trafficway Description | Traffic Control Device Type | Working Property |
|---|---|---|
| TWO-WAY DIVIDED POSITIVE MEDIAN BARRIER | NO CONTROLS | |

| Roadway Description for Vehicle Travel |
|---|
| 95S MM23 X2(HORSESTAMP CHURCH RD) |

| Vehicle Maneuver Action (by this vehicle) | Hit & Run (by this vehicle) | Damage Extent (for this vehicle) |
|---|---|---|
| UNKNOWN | NO DID NOT LEAVE SCENE | MINOR DAMAGE |

| 1st Sequence of Events Type (this vehicle) | 1st Sequence of Events Detail (this vehicle) |
|---|---|
| COLLISION NON-FIXED OBJECT | PARKED MOTOR VEHICLE |

| 2nd Sequence of Events Type (this vehicle) | 2nd Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| 3rd Sequence of Events Type (this vehicle) | 3rd Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| 4th Sequence of Events Type (this vehicle) | 4th Sequence of Events Detail (this vehicle) |
|---|---|
| UNKNOWN | |

| Most Harmful Event Type (this vehicle) | Most Harmful Event Detail (this vehicle) |
|---|---|
| COLLISION NON-FIXED OBJECT | OTHER NON-FIXED OBJECT |

| Contributing Circumstances 1 (this vehicle) | Contributing Circumstances 2 (this vehicle) |
|---|---|
| NONE | NONE |

Area of Initial Impact
- [ ] Non Collision
- [ ] Top
- [ ] Undercarriage
- [ ] Unknown

Most Damaged Area
- [ ] Non Collision
- [ ] Top
- [ ] Undercarriage
- [ ] Unknown

| Occupant Type | Person Name (First Middle Last Suffix) | Injury Status |
|---|---|---|
| DRIVER | ERNEST LEON HAMILTON | NO INJURY(O) |

| Crash Number C00P0224... | Reporting Agency GEORGIA STATE PATROL | | | Reporting Agency Date Number C000022481 | | Reporting Agency CNR Number GSP110CA1012850 |
|---|---|---|---|---|---|---|

## DRIVER V01

| Person Type ▶ DRIVER | | NM# | Vehicles V01 | Person Type Detail | | | |
|---|---|---|---|---|---|---|---|

| First Name MARSHALL | Middle Name CURTISS | | Last Name JUSTICE | | Suffix | Date of Birth ...1956 | Age 54 | Sex M |
|---|---|---|---|---|---|---|---|---|

| Address 1129 ASHMORE DR | | Address Other | | City JACKSONVILLE | | State FL | Zip Code 32259 |
|---|---|---|---|---|---|---|---|

| Phone Number 902-428-7812 | Phone Number (other) | | Condition at Time of Crash APPARENTLY NORMAL | | | | |
|---|---|---|---|---|---|---|---|

| Driver License Number J232543560420 | Class E | Expires 02/02/2011 | State FL | Jurisdiction 02 | Type NON-CDL DRIVER'S LICENSE | | Status VALID LICENSE |
|---|---|---|---|---|---|---|---|

| Drivers License Restrictions 1 NONE | | Drivers License Restrictions 2 NONE | | Drivers License Restrictions 3 NONE | |
|---|---|---|---|---|---|

| Driver Distracted By NOT DISTRACTED | Driver Vision Obstructions VISION NOT OBSCURED |
|---|---|

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) OTHER CONTRIBUTING ACTION | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) NO CONTRIBUTING ACTION |
|---|---|
| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) NO CONTRIBUTING ACTION | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) NO CONTRIBUTING ACTION |

| Motor Vehicle Seating Position: Row FRONT | Motor Vehicle Seating Position: Seat LEFT | Motor Vehicle Seating Position: Other NOT APPLICABLE | ☐ Seating Position Unknown |
|---|---|---|---|

| Restraint Systems SHOULDER AND LAP BELT USED | Helmet Use |
|---|---|

| Air Bag Deployed NOT APPLICABLE | Ejection NOT APPLICABLE |
|---|---|

| Trapped Extrication NOT TRAPPED | |
|---|---|

| Injury Severity Level Type NO INJURY(O) | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|

| Law Enforcement Suspected Alcohol Use NO | Alcohol Test Type | Alcohol Tested TEST NOT GIVEN |
|---|---|---|

| Law Enforcement Suspected Drug Use NO | Drug Test Type | Drug Tested TEST NOT GIVEN |
|---|---|---|

## NON-MOTORIST NM01 V02

| Person Type ▶ NON-MOTORIST | | NM# NM01 | Vehicles V02 | Person Type Detail OCCUPANT OF MOTOR VEHICLE NOT IN TRANSPORT (PARKED ETC.) | | | |
|---|---|---|---|---|---|---|---|

| First Name ELIZABETH | Middle Name | | Last Name BASTIDAS | | Suffix | Date of Birth ...1981 | Age 28 | Sex F |
|---|---|---|---|---|---|---|---|---|

| Address 17840 32ND AVE S APT A -10 | | Address Other | | City SEATAC | | State WA | Zip Code 98188 |
|---|---|---|---|---|---|---|---|

| Phone Number 718-662-6247 | Phone Number (other) | | Condition at Time of Crash APPARENTLY NORMAL | | | | |
|---|---|---|---|---|---|---|---|

| Drivers License Restrictions 1 NONE | | Drivers License Restrictions 2 NONE | | Drivers License Restrictions 3 NONE | |
|---|---|---|---|---|---|

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) NO CONTRIBUTING ACTION |
|---|---|
| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) NO CONTRIBUTING ACTION | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) NO CONTRIBUTING ACTION |

| Motor Vehicle Seating Position: Row UNKNOWN | Motor Vehicle Seating Position: Seat OTHER | Motor Vehicle Seating Position: Other NOT APPLICABLE | ☐ Seating Position Unknown |
|---|---|---|---|

| Restraint Systems NOT APPLICABLE (NON-MOTORIST) | Helmet Use |
|---|---|

| Air Bag Deployed NOT APPLICABLE | Ejection NOT APPLICABLE |
|---|---|

| Trapped Extrication NOT TRAPPED | |
|---|---|

| Non Motorist action / Circumstance Prior To Crash ADJACENT TO ROADWAY (E.G. SHOULDER MEDIAN) | Non Motorist Location at Time of Crash SHOULDER/ROADSIDE | Dir of Travel |
|---|---|---|

| Non Motorist Action / Circumstance at Time of Crash 1 DISABLED VEHICLE RELATED (WORKING ON PUSHING LEAVING/APPROACHING) | Non Motorist Action / Circumstance at Time of Crash 2 NO IMPROPER ACTION |
|---|---|

| Non Motorist Safety Equipment 1 NONE | Non Motorist Safety Equipment 2 NONE |
|---|---|

| Injury Severity Level Type NON FATAL INJURY | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash HEAD |
|---|---|---|

| Source of Transport to Medical Facility EMS AIR | EMS Agency Name or ID CAMDEN LIFE SQ 7 | EMS Run Number 1031 | Medical Facility Transported To SHANDS HOSPITAL , JACKSNVL FL |
|---|---|---|---|

| Law Enforcement Suspected Alcohol Use NO | Alcohol Test Type | Alcohol Tested TEST NOT GIVEN |
|---|---|---|

| Law Enforcement Suspected Drug Use NO | Drug Test Type | Drug Tested TEST NOT GIVEN |
|---|---|---|

## DRIVER V03

| Person Type ▶ DRIVER | | NM# | Vehicles V03 | Person Type Detail | | | |
|---|---|---|---|---|---|---|---|

| First Name ERNEST | Middle Name LEON | | Last Name HAMILTON | | Suffix | Date of Birth ...1961 | Age 48 | Sex M |
|---|---|---|---|---|---|---|---|---|

| Address 10785 GA HIGHWAY 110 | | Address Other | | City WOODBINE | | State GA | Zip Code 31569 |
|---|---|---|---|---|---|---|---|

| Phone Number 912-510-5100 | Phone Number (other) | | Condition at Time of Crash APPARENTLY NORMAL | | | | |
|---|---|---|---|---|---|---|---|

| Driver License Number 012586920 | Class C | Expires 12/02/2018 | State GA | Jurisdiction 02 | Type NON-CDL DRIVER'S LICENSE | | Status VALID LICENSE |
|---|---|---|---|---|---|---|---|

| Drivers License Restrictions 1 NONE | | Drivers License Restrictions 2 NONE | | Drivers License Restrictions 3 NONE | |
|---|---|---|---|---|---|

| Driver Distracted By NOT DISTRACTED | Driver Vision Obstructions PARKED / STOPPED VEHICLE |
|---|---|

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) NO CONTRIBUTING ACTION | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) NO CONTRIBUTING ACTION |
|---|---|
| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) NO CONTRIBUTING ACTION | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) NO CONTRIBUTING ACTION |

| Motor Vehicle Seating Position: Row FRONT | Motor Vehicle Seating Position: Seat LEFT | Motor Vehicle Seating Position: Other NOT APPLICABLE | ☐ Seating Position Unknown |
|---|---|---|---|

| Restraint Systems SHOULDER AND LAP BELT USED | Helmet Use |
|---|---|

| Air Bag Deployed NOT DEPLOYED | Ejection NOT EJECTED |
|---|---|

OFFICIAL COPY  Version 9.9.9.9

Crash Number: C0000224...
Reporting Agency: ...
Reporting Agency Case Number: G0800224451

Trapped Extrication
NOT TRAPPED

| Injury Severity Level Type | Injury Severity Level Detail | | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|---|
| NO INJURY(O) | | | |

| Law Enforcement Suspected Alcohol Use | Alcohol Test Type | Alcohol Tested | |
|---|---|---|---|
| NO | | TEST NOT GIVEN | |

| Law Enforcement Suspected Drug Use | Drug Test Type | Drug Tested | |
|---|---|---|---|
| NO | | TEST NOT GIVEN | |

## NON-MOTORIST NM02 V02

▶ Person Type: **NON-MOTORIST** | NM#: **NM02** | Vehicle#: **V02** | Person Type Detail: **OCCUPANT OF MOTOR VEHICLE NOT IN TRANSPORT (PARKED ETC.)**

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| CARMEN | ROSA | BASTIDAS | | ../1952 | 57 | F |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 17840 32ND AVE S APT A-10 | | SEATAC | WA | 98188 |

| Phone Number | Phone Number (other) | Condition at Time of Crash | |
|---|---|---|---|
| | | APPARENTLY NORMAL | |

| Drivers License Restrictions 1 | Drivers License Restrictions 2 | Drivers License Restrictions 3 |
|---|---|---|
| NONE | NONE | NONE |

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) |
|---|---|
| | NO CONTRIBUTING ACTION |

| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) |
|---|---|
| NO CONTRIBUTING ACTION | NO CONTRIBUTING ACTION |

| Non Motorist action / Circumstance Prior To Crash | Non Motorist Location at Time of Crash | Dir of Travel |
|---|---|---|
| ADJACENT TO ROADWAY (E.G. SHOULDER MEDIAN) | SHOULDER/ROADSIDE | |

| Non Motorist Action / Circumstance at Time of Crash 1 | Non Motorist Action / Circumstance at Time of Crash 2 |
|---|---|
| NO IMPROPER ACTION | NO IMPROPER ACTION |

| Non Motorist Safety Equipment 1 | Non Motorist Safety Equipment 2 |
|---|---|
| NONE | NONE |

| Injury Severity Level Type | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|
| NO INJURY(O) | | |

| Source of Transport to Medical Facility | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|
| NOT TRANSPORTED | | | |

| Law Enforcement Suspected Alcohol Use | Alcohol Test Type | Alcohol Tested | |
|---|---|---|---|
| NO | | | |

| Law Enforcement Suspected Drug Use | Drug Test Type | Drug Tested | |
|---|---|---|---|
| NO | | TEST NOT GIVEN | |

## NON-MOTORIST NM03 V02

▶ Person Type: **NON-MOTORIST** | NM#: **NM03** | Vehicle#: **V02** | Person Type Detail: **OCCUPANT OF MOTOR VEHICLE NOT IN TRANSPORT (PARKED ETC.)**

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| CARLOS | ARNULFO | ALVARADO | | ../1987 | 23 | M |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 17840 32ND AVE S APT A-10 | | SEATAC | WA | 98188 |

| Phone Number | Phone Number (other) | Condition at Time of Crash | |
|---|---|---|---|
| | | APPARENTLY NORMAL | |

| Drivers License Restrictions 1 | Drivers License Restrictions 2 | Drivers License Restrictions 3 |
|---|---|---|
| NONE | NONE | NONE |

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) |
|---|---|
| | NO CONTRIBUTING ACTION |

| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) |
|---|---|
| NO CONTRIBUTING ACTION | NO CONTRIBUTING ACTION |

| Motor Vehicle Seating Position: Row | Motor Vehicle Seating Position: Seat | Motor Vehicle Seating Position: Other | |
|---|---|---|---|
| | | NOT APPLICABLE | ☐ Seating Position Unknown |

| Non Motorist action / Circumstance Prior To Crash | Non Motorist Location at Time of Crash | Dir of Travel |
|---|---|---|
| ADJACENT TO ROADWAY (E.G. SHOULDER MEDIAN) | SHOULDER/ROADSIDE | |

| Non Motorist Action / Circumstance at Time of Crash 1 | Non Motorist Action / Circumstance at Time of Crash 2 |
|---|---|
| NO IMPROPER ACTION | NO IMPROPER ACTION |

| Non Motorist Safety Equipment 1 | Non Motorist Safety Equipment 2 |
|---|---|
| NONE | NONE |

| Injury Severity Level Type | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|
| NO INJURY(O) | | |

| Source of Transport to Medical Facility | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|
| NOT TRANSPORTED | | | |

| Law Enforcement Suspected Alcohol Use | Alcohol Test Type | Alcohol Tested | |
|---|---|---|---|
| NO | | | |

| Law Enforcement Suspected Drug Use | Drug Test Type | Drug Tested | |
|---|---|---|---|
| NO | | TEST NOT GIVEN | |

## PASSENGER V02

▶ Person Type: **PASSENGER** | NM#: | Vehicle#: **V02** | Person Type Detail:

| First Name | | | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| | | | | ../2004 | 6 | M |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 17840 32ND AVE S APT # A-10 | | SEATAC | WA | 98188 |

| Phone Number | Phone Number (other) | Condition at Time of Crash | |
|---|---|---|---|
| | | APPARENTLY NORMAL | |

| Drivers License Restrictions 1 | Drivers License Restrictions 2 | Drivers License Restrictions 3 |
|---|---|---|
| NONE | NONE | NONE |

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) |
|---|---|
| | NO CONTRIBUTING ACTION |

| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) |
|---|---|
| NO CONTRIBUTING ACTION | NO CONTRIBUTING ACTION |

| Motor Vehicle Seating Position: Row | Motor Vehicle Seating Position: Seat | Motor Vehicle Seating Position: Other | |
|---|---|---|---|
| SECOND | LEFT | NOT APPLICABLE | ☐ Seating Position Unknown |

| Restraint Systems | Helmet Use |
|---|---|
| SHOULDER AND LAP BELT USED | |

| Air Bag Deployed | Ejection |
|---|---|
| NOT DEPLOYED | NOT EJECTED |

Trapped Extrication
NOT TRAPPED

| Injury Severity Level Type | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|
| NO INJURY(O) | | |

| Law Enforcement Suspected Alcohol Use | Alcohol Test Type | Alcohol Tested |
|---|---|---|
| NO | | |

| Crash Number C00P022451 | Reporting Agency WA0170025 | | | | Incident Number C000022451 | | GSP119CAD012650 |
|---|---|---|---|---|---|---|---|

| Law Enforcement Suspected Drug Use NO | Drug Test Type | | Drug Tested TEST NOT GIVEN | | | | |

## PASSENGER V02

| Person Type ▶ PASSENGER | | NM# | Vehicle# V02 | Person Type Detail | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

| | | | | | | | Suffix | Date of Birth /2002 | Age 7 | Sex F |
|---|---|---|---|---|---|---|---|---|---|---|

| Address 17840 32ND AVE S APT # A-10 | | Address Other | | | City SEATAC | | State WA | Zip Code 98188 |
|---|---|---|---|---|---|---|---|---|

| Phone Number | Phone Number (other) | Condition at Time of Crash APPARENTLY NORMAL | | |
|---|---|---|---|---|

| Drivers License Restrictions 1 NONE | Drivers License Restrictions 2 NONE | Drivers License Restrictions 3 NONE |
|---|---|---|

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) NO | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) NO CONTRIBUTING ACTION |
|---|---|

| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) NO CONTRIBUTING ACTION | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) NO CONTRIBUTING ACTION |
|---|---|

| Motor Vehicle Seating Position: Row SECOND | Motor Vehicle Seating Position: Seat RIGHT | Motor Vehicle Seating Position: Other NOT APPLICABLE | ☐ Seating Position Unknown |
|---|---|---|---|

| Restraint Systems SHOULDER AND LAP BELT USED | | Helmet Use |
|---|---|---|

| Air Bag Deployed NOT DEPLOYED | Ejection NOT EJECTED |
|---|---|

| Trapped Extrication NOT TRAPPED | |
|---|---|

| Injury Severity Level Type NO INJURY(O) | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|

| Law Enforcement Suspected Alcohol Use NO | Alcohol Test Type | Alcohol Tested | |
|---|---|---|---|

| Law Enforcement Suspected Drug Use NO | Drug Test Type | Drug Tested TEST NOT GIVEN | |
|---|---|---|---|

## NARRATIVE: C000022451

Vehicle # 1 was traveling northbound on I-95. Vehicle # 2, traveling southbound on I-95 had stopped on the left shoulder, due to a flat tire. Vehicle # 3, traveling southbound on I-95, had also stopped on the left shoulder to assist with Vehicle # 2. Vehicle # 1 was traveling northbound on I-95 with a trailer in tow. The left rear tire of the trailer came off and traveled across the northbound lanes of I-95 and struck a passenger from Vehicle # 2. The tire continued its course of travel and struck Vehicle # 3. It then crossed the three lanes on I-95 SB, and into the wooded area west of I-95.

Crash investigation was audio and video recorded on DVD 558-008-10

## REPORTING OFFICER / SUPERVISOR APPROVAL

| Reporting Officer | | | Approving Supervisor | | | Case Identifier |
|---|---|---|---|---|---|---|
| ID Number 558 | Rank TPR | Name YOUNG, C. | ID Number 816 | Rank SFC | Name LEE, W. | |
| Signature | | | Signature | | | |

| Crash Number | Reporting Agency | Reporting Agency Case Number | Reporting Agency CAD Number |
|---|---|---|---|
| C000022451-01 | GEORGIA STATE PATROL | C000022451 | GSP140CAD012850 |

**DIAGRAM OF ACCIDENT**

**OFFICIAL COPY**

| Crash Number | Reporting Agency | Reporting Agency Case Number | Reporting Agency CAD Number |
|---|---|---|---|
| C000022451-01 | GEORGIA STATE PATROL | C000022451 | GSPH0CAD012850 |

**DIAGRAM OF ACCIDENT**

I-95 Northbound @ MM 20

NOT TO SCALE

I-95 Southbound @ MM 20

Area of Impact